1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

9   KEVIN DEON BRAZIER**,**                    NO. EDCV 24-2357-MRA (AGR)

10                         Petitioner,   ORDER ACCEPTING FINDINGS AND
                                         RECOMMENDATION OF
11          v.                           MAGISTRATE JUDGE

12   EDWARD BORLA,

13                         Respondent.

14

15

16          Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of

17   Habeas Corpus ("Petition"), the other records on file herein, the Report and

18   Recommendation ("Report") and the Objections.  Further, the Court has engaged

19   in a *de novo* review of those portions of the Report and Recommendation to

20   which objections have been made.

21          Petitioner points out that the Report contains a typographical error in

22   describing Ground One of the Petition.  On page 13, line 8 of the Report, the word

23   "instruction" should read "intrusion."  (Report at 13:8; Petition at 7, Ground One.)

24   Petitioner has not shown that correction of the typographical error alters the

25   Report's analysis of Petitioner's claim based on the resentencing proceedings

26   under Cal. Penal Code § 1172.6.  Moreover, Petitioner's citation to *McKaskle v.*

27   *Wiggins*, 465 U.S. 168 (1984), does not support his claim.  The *McKaskle* opinion

28   addressed standby counsel at trial and noted that "the appearance of a *pro se*

1  defendant's self-representation will not be unacceptably undermined by counsel's

2  participation outside the presence of the jury." *Id.* at 179. The "trial judge . . .

3  must be considered capable of differentiating the claims presented by a *pro se*

4  defendant from those presented by standby counsel." *Id.* The judge who

5  presided at the § 1172.6 proceedings explained the scope of such proceedings to

6  Petitioner.

7  　　Petitioner contends the Report incorrectly states that the trial court "denied

8  Petitioner's request to strike the petition for resentencing" and "denied

9  resentencing." (Report at 4:8-10.) The Report cites to the transcript of

10  proceedings, which contains the following questions and answers between the

11  prosecutor and court: [Q] "So the defendant's motion to strike the petition and

12  resentence is denied?" [A] "Yes." [Q] Is the Court denying the defendant's

13  petition for resentencing based upon the fact that he received no applicable jury

14  instructions [under § 1172.6]?" [A] "Yes. I'm taking judicial notice of the court

15  record." (Dkt. No. 13-5 at 51:17-19.) Petitioner has not shown that the Report is

16  incorrect.[1]

17  　　The Court accepts the findings and recommendation of the Report except

18  for the typographical errors.

19  　　IT THEREFORE IS ORDERED as follows:

20  　　(1) Respondent's motion to dismiss the Petition for Writ of Habeas Corpus

21  is GRANTED;

22  　　(2) Ground One is dismissed.

23  　　(3) Grounds Two, Three, and Four are dismissed without prejudice to

24  Petitioner's ability to file an Application for Leave to File Second or Successive

---

[1]    Petitioner also contends that the Report incorrectly states that the
*Marsden* records are sealed. (Report at 4:15-5.) The Report recites the state
court's ruling that: "The request to unseal the Marsden hearings at this stage of
the proceedings is denied . . . ." (Dkt. No. 13-5 at 31:20-22.) After explaining the
scope of inquiry under § 1172.6, the state court reiterated: "The request to unseal
the Marsden hearing is denied for the reasons that I've already articulated." (*Id.*
at 35:3-4.)

Petition Under 28 U.S.C. § 2254 with the proposed § 2254 second or successive petition in the Ninth Circuit.

(4) Petitioner's motion to transfer the existing Petition to the Ninth Circuit is denied because the Petition includes Ground One, which is not second or successive.  (Dkt. No. 16.)

The Clerk is directed to send Petitioner Ninth Circuit Form 12 (Application for Leave to File Second or Successive Petition) and a form petition under § 2254.


DATED: July 08, 2025

MONICA RAMIREZ ALMADANI
United States District Judge